**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-6836

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

LAMONT DELMAR PARKER, a/k/a Monster,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  W. Earl Britt, Senior
District Judge.  (5:09-cr-00021-BR-1; 5:11-cv-00719-BR)

Submitted:  September 30, 2013       Decided:  October 4, 2013

Before KING and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Lamont Delmar Parker, Appellant Pro Se.  Jennifer P. May-Parker,
Assistant United States Attorney, Joshua Bryan Royster, Seth
Morgan Wood, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamont Delmar Parker appeals the district court's order denying relief on his 28 U.S.C.A. § 2255 (West Supp. 2013) motion to set aside, vacate, or correct his 150-month sentence. The district court rejected most of Parker's claims for a variety of procedural and substantive reasons, but it granted a certificate of appealability ("COA") on one issue: whether trial counsel's failure to object to Parker's career offender designation rendered his representation constitutionally deficient. We affirm the district court's order as to this issue, and dismiss Parker's appeal as to all other claims.

Because the district court granted a COA on this issue, we will review the merits of the district court's denial of § 2255 relief on this claim. See Golphin v. Branker, 519 F.3d 168, 177-78 (4th Cir. 2008). In so doing, this court reviews de novo the district court's conclusions of law underlying its rejection of the claim and reviews for clear error the court's relevant factual determinations. United States v. Fulks, 683 F.3d 512, 516 (4th Cir.), petition for cert. filed, Nos. 12-8364, 12A248 (U.S. Nov. 21, 2012); see United States v. Roane, 378 F.3d 382, 395 (4th Cir. 2004). We review de novo mixed issues of law and fact, such as whether established facts demonstrate a deficient performance by counsel. Roane, 378 F.3d at 395.

2

To establish ineffective assistance of counsel, Parker must show that counsel's performance was both objectively unreasonable and prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Under the first prong of Strickland, Parker must demonstrate that counsel's performance fell below an objective standard of reasonableness under "prevailing professional norms." Id. at 688. The reasonableness of counsel's performance is evaluated within the context of the circumstances at the time of the alleged error. Id. at 689-90. "If counsel's performance is found to have been deficient under the first part of the Strickland standard, to obtain relief the petitioner must also show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Richardson v. Branker, 668 F.3d 128, 139 (4th Cir.) (internal quotation marks omitted), cert. denied, 133 S. Ct. 441 (2012).

We have thoroughly reviewed the record in this case, and we agree with the district court that trial counsel was not ineffective for failing to raise the proffered objection to Parker's career offender designation. Thus, we affirm the rejection of this claim for the reasons stated by the district court. See United States v. Parker, Nos. 5:09-cr-00021-BR-1; 5:11-cv-00719-BR (E.D.N.C. Apr. 26, 2013). As to all other issues, we deny a certificate of appealability and dismiss the

3

appeal. We deny as moot Parker's motion for the appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>DISMISSED IN PART</u>